UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


INTERSPIRO, INC.,

       Plaintiff,

v.
                                                         Case No. 08-12878
EXETER TOWNSHIP,                            Honorable Julian Abele Cook, Jr.

       Defendant/Third-party Plaintiff,

v.

AIR SOURCE ONE, INC.,

       Third-party Defendant.


### ORDER

In this case, the Plaintiff, Interspiro, Inc. ("Interspiro") contends, *inter alia,* that the Defendant, Township of Exeter ("Township"), violated the terms of the parties' contract involving the acquisition of firefighting equipment. The Township, in turn, filed a third party complaint against Air Source One, Inc. ("Air Source One"), to whom payments were made as Interspiro's distributor and agent. On January 4, 2010, Interspiro filed two motions in limine, in which it seeks to exclude the admission of certain evidence during the jury trial in this matter. As of this date, the Township has failed to file a responsive brief.

In its first motion, Interspiro seeks to obtain an order from the Court that would exclude any reference to its financial position, arguing that such evidence is irrelevant to the issues in

1

controversy and, moreover, it would be unfairly prejudicial to its claims against the Township. In its second motion, Interspiro contends that any reference to the finances of Air Source One, including its bankruptcy filing, should be excluded for similar reasons.

The Federal Rules of Evidence state that "[a]ll relevant evidence is admissible." Fed. R. Evid. 402. Relevant evidence is defined in the rules as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Nevertheless, even if deemed relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403.

With respect to Interspiro' first motion (i.e., exclusion of reference to its finances), the Court believes that assuming, *in arguendo*, that this evidence is relevant, its probative value is substantially outweighed by the risk of unfair prejudice. Under such circumstances, the attention of a jury could, arguably, be diverted from the principle issues in this case to the relative finances of the parties. Therefore, on the basis of this potential unfairness, Interspiro's request to exclude any reference to its financial status is granted.

Turning to Interspiro's second motion – to exclude any mention of Air Source One's financial health – the Court concludes that this evidence should be excluded. Although information relating to the financial health of Air Source One may be relevant to the question of whether it had the apparent authority to act as Interspiro's agent and to accept payment from the Township, the merit of admitting this information is substantially outweighed by the risk of invading the province of the jury. Having knowledge of this bankruptcy petition, the jury could improperly conclude that Interspiro should bear any loss that is a direct or indirect consequence of Air Source One's financial

difficulties and/or current insolvency, without giving due consideration to its presently pending legal claims against the Township. Accordingly, based on the unfair prejudice could come from the admission of this information, the Court will also grant Interspiro's second motion in limine.

For the reasons that have been stated above, the Court grants Interspiro's motions in limine to exclude reference to the financial condition of Interspiro and Air Source One.

IT IS SO ORDERED.

Dated:  March 10, 2010           S/Julian Abele Cook, Jr.
      Detroit, Michigan            JULIAN ABELE COOK, JR.
                                     United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 10, 2010.

                                                     s/ Kay Doaks
                                                     Case Manager